# CASES

# SUPREME JUDICIAL COURT

IN THE

COUNTY OF KENNEBEC, JUNE TERM, 1840.

---

## HOWARD PHILBROOK & al. vs. Inhabitants of the County of KENNEBEC.

An assessment of a tax by the Court of Sessions, under the *stat.* 1821, *c.* 118, § 24, upon unincorporated land, for the purpose of making and opening a road over the same, where no road has been laid out according to law, is illegal and void.

If the agent appointed by the Court of Sessions contracts for making a road over unincorporated land, where no legal road exists, and *accepts* the same when made, and no money has been received by the County wherein the land lies on that account, the County is not liable to pay the expenses of making the road.

THE parties agreed to a statement of facts in this case, with the exception of that fact, whether the owners of the land taxed had or had not paid the taxes into the treasury of the county. This was submitted to the decision of a jury, and they returned their verdict that the money had not been received by the county. The facts agreed are stated in the opinion of the Court. In the papers referred to in the statement, there was no record of any location of a road where the work was done. The paper called a tax commences thus : " Tax assessed by the Court of Sessions, *December Term*, 1829, in the County of *Kennebec*, on a gore of land between *Clinton* and *Unity*, in said County, from the north line of *Albion*, near the south line of M 1 to the north line of K 2, to make and repair the County road laid out over said gore by *Levi Libbey's*. Tax, four cents on an acre — amount of tax assessed $320."

Then follow names of persons, or description of lots, with sums set against each, amounting in the whole to $322,80. It ends as follows. " At a Court of Sessions in and for the County of *Kennebec, December Term,* 1829, ordered, that the foregoing tax of $322,88 be collected agreeably to the statute in such cases made and provided." This was signed by the three Sessions Justices, one of whom was *Charles Hayden.* On the back of the original paper was this indorsement. " *Charles Hayden* app'td to expend."

This case was argued at the *May Term,* 1837, the opinion was delivered at the *Nov. Term,* in *Cumberland,* 1839, was received by the Reporter, *May* 1, 1840, and was accidentally omitted in the last volume.

*D. Williams* argued for the plaintiffs, and cited *Hampshire* v. *Franklin,* 16 *Mass. R.* 76 ; *stat.* 1821, *c.* 118, § 24 ; *Hayden* v. *Madison,* 7 *Greenl.* 76 ; *Abbott* v. *Hermon, ib.* 118.

*R. Goodenow,* formerly County Attorney, argued for the defendants, and cited *Commonwealth* v. *Merrick,* 2 *Mass. R.* 529 ; *Todd* v. *Rome,* 2 *Greenl.* 55; *stat.* 1821, *c.* 118, § 24; *Joy* v. *Oxford,* 3 *Greenl.* 134 ; *Harlow* v. *Pike,* 3 *Greenl.* 438 ; *Estes* v. *Troy,* 5 *Greenl.* 368 ; *Emerson* v. *Washington County,* 9 *Greenl.* 98.

The opinion of the Court was drawn up by

EMERY J. — The plaintiffs claim against the defendants compensation for making a road on a gore of land between *Clinton* and *Unity,* from the north line of M 1, to the north line of K 2, by *Levi Libbey's,* under the direction of *Charles Hayden, Esq.* agent of the County of *Kennebec.* A tax was assessed on that gore by the Court of Sessions for the County of *Kennebec, Dec. Term,* 1829, when said *Charles Hayden, Esq.* one of the justices of said court, was appointed by said court to superintend the expenditure of the amount of the tax upon said road. The plaintiffs performed the making and repair of the road to the acceptance of said agent.

The defendants deny the legality of the assessment of the tax, and the existence of any road, which the County were to repair.

If no legal location of the road was made, of which no sufficient

record appears, the assessment of the tax for the purpose of making the road cannot be justified, so as to render the inhabitants of the County responsible.

It is insisted, that the county are bound by the doings of the Court of Sessions and the proceedings of the agent. To this as a mere general proposition, strictly true in all cases, we cannot accede. The right of the Court of Sessions to take any step on this subject is founded on the statute *c.* 118, § 23, 24. As we have not the evidence of the legal laying out of the road, agreeably to the provisions of the statute, the subsequent doings under the agent cannot justly subject the inhabitants of the county to the suit of the plaintiffs. For it is a fact, by the report of the Judge to be added to the case agreed by the parties, that the *jury have settled the point that the county have not received the money claimed by the plaintiffs in this case.*

In the case cited by plaintiff's counsel, *Emerson* v. *The Inhabitants of the County of Washington,* 9 *Greenl.* 94, no objection was made to the legality of the location. Yet the action was not sustained, the Court of Sessions having exceeded its jurisdiction in assessing the tax, and the contractor having exceeded his instructions.

The case of *Joy* v. *The Inhabitants of the County of Oxford,* 3 *Greenl.* 134, which has been urged on our consideration was totally different from the present. There the money had been received by the county treasurer. But that case is full to show that if the road was not legally laid out by the Court of General Sessions of the Peace, " the Court having no jurisdiction, the assessment was a perfect nullity" as *C. J. Mellen* says, " not merely voidable, but absolutely void."

Even if the road, in the present case, had been legally located, there is a deficiency of evidence as to the requisite preliminary steps by petition or application, and notice, and an adjudication that the proprietors had failed to shew to the satisfaction of the Court, that the highway ought not to be made or amended at the expense of the proprietors, previous to the assessment of the tax.

There is no contract proved, express or implied, which can charge the defendants. The circumstance that the supposed agent accepted the road, constitutes no estoppel of defendants to aver against the legal existence of the highway, or to deny their responsibility to the plaintiffs.

According to the report of the Judge, and the state of facts agreed, the verdict must be set aside, and the plaintiffs become nonsuit.